LORENZ ET AL., ADMRS., APPELLEES, *v.* FRANKENBERG ET AL., APPELLANTS.

(No. 5524—Decided April 11, 1957.)

*Mr. Andrew J. White, Jr.,* for appellees.
*Mr. Roy C. Coffee, Mr. Lee H. Kramer* and *Mr. Luther L. Boger,* for appellants.

PETREE, P. J.  This is an appeal on questions of law to this court from a judgment and final order of the Probate Court of Franklin County, Ohio, relative to the distribution of the estate of Louis A. Frankenberg, deceased.

On July 23, 1951, Louis A. Frankenberg, a widower, executed a warranty deed to his daughter, Ruth Ann Props, in which the grantor recites "in consideration of the sum of one dollar and other good and valuable considerations * * * to him paid by Ruth Ann Props"; and then, following the description, this language appears in the deed:

"Note:  The grantee herein is my only daughter and as such cannot earn salaries like her two brothers.  However, she has constantly looked after me, selected my clothing and done many other things for my comfort and guidance.  Recently during the past year she has furnished me with board and lodging in her home and has cleaned and taken care of my own home in Bide a Wee Park Addition, which she did also in part since the death of my wife.  It has long been my intention for the

reasons stated above to convey the above described property to my daughter, and now, in view of her many sacrifices in my behalf, especially recently, I am convinced it is just, fair, and right to convey said property herein to her as part payment at least for all the many countless things done by her in my behalf, the same being full consideration for this conveyance."

Subsequent to the execution of that deed, to wit, on June 6, 1952, Louis A. Frankenberg executed the second codicil to his will in which he provided in item I as follows:

"Item I: It is my will that any gifts, or conveyances of property, real or personal, made by me since February 7, 1945, to any one or more of my children for less than a fair and adequate consideration, shall be considered as an advancement to the recipients thereof and the amount of any such gifts, or conveyances without full consideration, shall be charged against the part or portion of my estate which I have, in my last will and testament dated February 7, 1945, or my first codicil dated April 30, 1948, or in this codicil given or bequeathed to them, so that in the final division of my estate the portions of each of my three children shall be substantially equal."

The testator died on July 25, 1952.

The Judge of the Probate Court construed the language of the two instruments hereinbefore referred to along with the evidence before him and held that the antecedent services and care furnished the decedent are and were intended to be a fair and adequate consideration for the conveyance and that the codicil does not have the effect of making the conveyance a gift to the daughter, chargeable against her share of the estate.

From a reading of that opinion and of the record of the court below, it appears that the three assignments of error set forth by the defendant, appellant herein, Marguerite Frankenberg, are not well taken and should be overruled. We find no error prejudicial to the defendant in the ruling of the Probate Court relative to the construction which that court gave to item I of the codicil of the decedent's will and, further, that such construction is not against the manifest weight of the evidence.

*Judgment affirmed.*

BRYANT and MILLER, JJ., concur.